UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSE GUADALUPE BEALL,<br><br>Defendant. | 4:15-CR-40080-01-KES<br><br>ORDER DENYING MOTION FOR RELIEF UNDER THE FIRST STEP ACT |

Defendant, Jose Guadalupe Beall, filed a second motion for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 179. Plaintiff, the United States of America, opposes the motion. Docket 180. For the following reasons, Beall's motion for a reduction in sentence is denied.

**BACKGROUND**

The background of Beall's case was set forth in the court's order dated April 22, 2022. Docket 178. To summarize, the court sentenced Beall to 240 months in custody for conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. Docket 113 at 2; Docket 114. The court later reduced Beall's sentence to 120 months in custody. Docket 160 at 2. Beall is incarcerated at FCI Allenwood Low, a low security federal correctional institution. *See id.; FCI Allenwood Low,* Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/alf/ (last visited Jul. 14, 2023). The total population at FCI Allenwood Low is 1,045 persons. *See FCI Allenwood Low.*

Beall is 66 years old. *See Find an Inmate.* (BOP Register Number

72506-012) His anticipated release date is November 30, 2023. *Id.* Beall

requests appointment of counsel and reasserts his health conditions and his

mother's declining health as circumstances that warrant relief under the First

Step Act. Docket 179. He requests to serve the remainder of his sentence in

home confinement. *Id.* The government opposes the motion, arguing that the

court appropriately denied Beall's initial motion for relief, and his

circumstances have remained the same. Docket 180 at 4-5. In addition, the

government asserts Beall has failed to provide new information that warrants

a different outcome, and requests his motion be denied. *Id.* at 5.

## DISCUSSION

The court detailed the governing law and analysis it uses when

confronted with a motion for a reduction in sentence in its order dated April

22, 2022. Docket 178. For current purposes, it is sufficient to note that

because sentences are final judgments, a court ordinarily "may not modify a

term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c).

However, Congress made changes to the law through the First Step Act (FSA)

and provided a narrow path for defendants with "extraordinary and

compelling reasons" to leave custody early. 18 U.S.C. § 3582(c)(1)(A)(i). When

considering whether to grant a motion for a reduction in sentence, the court

must consider the § 3553(a) sentencing factors and the applicable policy

statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

The burden to establish that a sentence reduction is warranted under 18

U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

The court previously found that Beall's medical conditions—esophageal reflex, a prior latent tuberculosis infection, a calcified granuloma located on his lung, hyperlipidemia, hypertension, cervical spondylosis, and a history of hepatitis B and hepatitis C—were properly treated for at FCI Allenwood Low and the facility has acted adequately in providing medical treatment for Beall. Docket 172 at 33, 81; Docket 178 at 6-10. Beall had not shown that he was suffering from a serious medical or terminal condition that substantially diminished his ability to provide self-care within a correctional facility and from which he is not expected to recover. USSG § 1B1.13 cmt. n.1(A)(i)(ii). Now, Beall reasserts his medical conditions as an extraordinary and compelling reason under the medical conditions category, Note 1(A). But the court arrives at the same conclusion. Beall has not provided any supplementary information for the court to consider under USSG § 1B1.13 cmt. n.1(A)(i)-(ii). Docket 179. Moreover, Beall has not alluded to any substantial change in his health that would justify a reduction in sentence. *Id.*

Beall also reasserts his mother's declining health as cause for a reduction in sentence; however, Beall's mother's poor health is not considered an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 179. As required under USSG § 1B1.13 Note 1(C), the defendant must demonstrate one of the following: (1)"[t]he death or incapacitation of the

caregiver of the defendant's minor child or children[,]" or (2) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." USSG § 1B1.13 Note 1(C). Because Beall has not indicated that the caregiver of his minor children, or his spouse or registered partner are incapacitated, the family circumstance category is unapplicable in this case. Docket 179.

The court finds Beall's circumstances do not clear the high bar necessary to warrant a sentence reduction for "extraordinary and compelling" reasons. In addition, the court's evaluation of the 3553(a) factors has not changed over the intervening months since Beall's prior motion was denied. *See* Docket 178 at 12-13.

### CONCLUSION

Beall has failed to satisfy the extraordinary and compelling reason standard. Thus, it is

ORDERED that the defendant's second motion for relief under the First Step Act (Docket 179) is denied.

It is FURTHER ORDERED that the defendant's motion for appointment of counsel is also denied.

Dated July 14, 2023.

BY THE COURT:

/s/ Karen E. Schreier
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE